In the Matter of the Probate of the Will of KATIE YONSHEFSKI, Deceased. ANNA SLODEWICZ, Appellant; FRANK LEMPKA, as Executor and Trustee under the Will, Respondent.— Appeal from a decree of the Surrogate's Court of Orange County which admitted to probate a certain instrument as the last will and testament of the deceased. Objections were filed to the probate by the appellant and an order was made framing the issues for trial by a jury. At the end of the case the Surrogate directed a verdict for the proponent on the issues of the execution of the will, the mental capacity of the deceased, undue influence and fraud. This court concurs in the determination as to fraud and undue influence. However, since the jury reasonably could have found from the evidence that the testatrix did not have intelligent knowledge of the contents of the instrument (*Matter of Regan,* 206 App. Div. 403), or that the testatrix did not have sufficient mental capacity to comprehend the scope of the provisions of the will (*Delafield* v. *Parish,* 25 N. Y. 9, 29), the decree, insofar as it admits the instrument to probate as the last will and testament of the deceased, is reversed on the law and the matter is remitted to the Surrogate's Court for a new trial as to issues No. 1 and No. 2 of the framed issues, with costs to the appellant, payable out of the estate. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

JOSEPH KAUFMAN, Appellant, v. FT. GREENE PACKING CO., INC., et al., Respondents, et al., Defendants.— The action is to recover damages sustained by plaintiff in the execution of a release to the individual respondents. The respondents moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The motion was granted and plaintiff appeals. Order reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to respondents to answer within ten days from the entry of the order hereon. The action is based upon duress. Giving plaintiff the benefit of the most favorable inferences to be drawn from the facts pleaded, it is alleged that the execution of the release was not his voluntary act but was induced by the coercion and duress of the defendants Tabak and Finkelstein, and resulted in plaintiff parting with his stock in the defendant corporation, which, it is alleged, was of a value in excess of moneys he stole from the corporation. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

FRANK H. KENNY et al., Respondents, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— Action to recover real estate brokers' commissions for producing a buyer upon terms alleged to have been stated by defendant. Order denying defendant's motion for judgment on the pleadings and summary judgment affirmed, with ten dollars costs and disbursements. The questions presented should be determined upon a trial and not upon affidavits. Close, P. J., Hagarty, Carswell and Johnston, JJ., concur; Adel, J., dissents and votes to reverse the order and to grant the motion for summary judgment, with the following memorandum: Weighed in the light of the showing made by the defendant, and accepting as true the facts stated in plaintiffs' proofs, they are insufficient in law to establish a triable issue.